UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD PARKHURST,

    Plaintiff,

vs.

MICHIGAN STATE TREASURER,

    Defendant.
_____/

Civil Action No.
06-CV-15470-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO REMAND (DKT. NO. 4)

This matter is presently before the Court on Defendant's Motion to Remand. The Court has had an opportunity to review the motion and other relevant documents in this case. Pursuant to Eastern District of Michigan Local Rule 7.1(e)(1), the Court will decide the motion without oral argument. The Court will grant the motion and remand the case to state court.

Last year, the Michigan State Treasurer ("Defendant") filed a cause of action in Lenawee County Circuit Court in order to seek partial reimbursement for the incarceration costs of Ronald Parkhurst ("Plaintiff"), under the State Correctional Facility Reimbursement Act ("SCFRA"), MCL 800.401 *et seq*. Parkhurst, a prisoner at the Muskegon Correctional Facility, was served with the state-court summons and complaint on October 20, 2006. (Def.'s Mot. to Remand ¶ 3; Pl.'s Resp., 2.) Parkhurst filed a Notice of Removal with this Court on December 11, 2006.[1] Thus, Parkhurst's Notice of Removal was not filed until 52 days after he received the state-court

---

[1] Although Parkhurst labels his Notice of Removal as a "Complaint for Declaratory Relief," the Court finds that his cause of action is one for removal. For instance, in the first sentence of the document, Parkhurst states that he "seeks removal of a state action to the United States District Court." (Pl.'s Compl. for Declaratory Relief, 1.)

summons and complaint.

The United States Code requires that a "notice of removal of a civil action or proceeding shall be filed within thirty [30] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b) (2006). Here, the Notice of Removal was not filed until 52 days after the service of the summons and complaint. This is outside of the 30-day time period for the removal of a state-court case to federal court. Therefore, Parkhurst's Notice of Removal is untimely.

Furthermore, a motion to remand must be filed within 30 days after the notice of removal is filed. Id. § 1447(c). Here, Parkhurst filed his Notice of Removal on December 11, 2006. Defendant filed its Motion to Remand on January 4, 2007. Thus, the Motion to Remand was filed 24 days after the Notice of Removal. This is within the 30-day time period allowed for remand. As such, the Court finds that Defendant timely filed its Motion to Remand. Therefore, the Court will remand the case to state court. Accordingly,

IT IS ORDERED that Defendant's Motion to Remand is granted.


    s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: February 20, 2007
       Detroit, Michigan